UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA : CRIMINAL ACTION
:
         v.            : NO. 1:10-CR-412-4-WSD-ECS
:
TODD MILTON IVERY       :


**REPORT AND RECOMMENDATION**

**I.**

This matter is before the Court on the motions of Defendant Todd Ivery to suppress evidence seized pursuant to two search warrants issued for certain Yahoo email accounts. [Doc. 115, 117]. The motion argues in a perfunctory manner that the first warrant was "completely devoid of any probable cause for its issuance . . . against the accounts purportedly connected to [Defendant]." Def's Motion at 2, [Doc. 117]. Defendant further argues that the good faith exception to the exclusionary rule is unavailing because the affidavit for the warrant was "so lacking in probable cause as to render official belief in its existence entirely unreasonable." Id. at 3. As for the second warrant, Defendant argues that because it relies upon the first warrant it is tainted as well. Id.

The government responds that the affidavit for the first search warrant contained an ample basis for the magistrate judge to find probable cause for the search of the designated email accounts, including the account associated with Defendant. Def's Brief at 10 [Doc. 125]. Alternatively, the government argues that the affiant

had a good faith basis for believing that the warrant was valid. Id. at 13. As for the second warrant, the government asserts that, even if the first warrant was lacking in probable cause, the second warrant can stand on its own as far as probable cause is concerned, without relying on the first warrant. Id. at 14.

## II.

## Discussion

The threshold dispositive issue with respect to Defendant's motion to suppress is whether the affidavit in support of the first warrant was sufficient to provide probable cause for its issuance. In that regard, "[p]robable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999).

In Illinois v. Gates, 462 U.S. 213, 232 (1983), the Supreme Court explained that probable cause is "a fluid concept -- turning on the assessment of probabilities in particular factual contexts -- not readily, or even usefully, reduced to a neat set of legal rules." The Court then went on to explain that, in determining whether probable cause exists:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be

found in a particular place. And the duty of a reviewing
court is simply to ensure that the magistrate had a
substantial basis for . . . concluding that probable cause
existed.

Gates, 462 U.S. at 238-39 (brackets and internal quotation marks

omitted)(citing Jones v. United States, 362 U.S. 257, 271 (1960)).

Here, the undersigned has little difficulty in concluding that

the affidavit provided by Agent Joseph Stites to Judge Walker was

sufficient.[1]  To summarize, Agent Stites' affidavit outlines facts

showing a scheme initiated in October of 2007 to defraud a lender

in connection with the sale of certain property located at 425

Chappell Road in Atlanta to three purchasers allegedly from New

York.  The affidavit recites that the proposed sales involved the

submission of false documents and information on behalf of the

purchasers.  The closing did not go through and the proposed

purchasers and/or their representatives at the closings were

arrested.

The investigation disclosed a series of emails to, from and

between the brokers, seller, proposed purchasers and purported

lienholders during the time frame leading up to the closing date

that relate primarily to the dissemination and verification of the

false information regarding the purchasers.  The email trails set

---

[1] Copies of the warrants, the applications for the warrants,
and the affidavits in support of the two warrants are attached to
the government's response to Defendant's motions. [Doc 125].

forth in the affidavit show that information concering the false information to be provided at the closing was forwarded to an email account associated with Defendant under circumstances suggesting the significant probability that the recipient was a knowing participant in the scheme to provide false and fraudulent information to the lender in connection with the closing.

As noted above, "[p]robable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." The affidavit in this case leads the undersigned, as it did Judge Walker, to conclude that there was a fair probability that a search of the identified email accounts, including the one associated with Defendant, would lead to the discovery of evidence related to the mortgage fraud scheme to which the referenced emails pertained.

Having found that the affidavit was sufficient to establish probable cause for the searches covered by the first warrant, it is unnecessary to discuss the applicability of the good faith exception to the exclusionary rule, except to say that since the warrant was valid and based on probable cause, Agent Stites clearly had a good faith basis for relying on it. See generally United States v. Leon, 468 U.S. 897 (1984).

Likewise, Defendant has made no attack on the sufficiency of the second warrant signed by Judge Baverman, except insofar as it would be tainted by the invalidity of the first warrant.  See Def's Brief at 3 ("It is upon the information contained in the first warrant, and fruits thereof, that the second warrant is based, at least in part.").  Since the undersigned finds that the first warrant was valid, then the challenge to the second warrant must likewise be rejected.[2]

### III.

### Conclusion

For the reasons, set forth above, the motions to suppress [Doc. 115, 117] should be **DENIED**. It appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this **CASE** be and is hereby **CERTIFIED** as ready for trial.

**IT IS SO REPORTED AND RECOMMENDED**, this 10th day of August, 2011.

_/s/ E. Clayton Scofield III_
E.Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

---

[2] A review of the second affidavit reveals that it would in any event stand on its own in support of probable cause for the search warrant, even if all information derived from the first affidavit were to be excluded from consideration.

5