IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                                  1:10-cr-412-4-WSD

TODD MILTON IVERY,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Report and Recommendation ("R&R") [130] that Defendant Todd Milton Ivery's ("Ivery") Motions to Suppress [115; 117] be denied.

## I.   BACKGROUND

This is a prosecution for alleged bank fraud. Ivery is charged with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 20, 371, 1344, and nine counts[1] of making false statements to federally insured institutions in violation of 18 U.S.C. § 1014.

Defendants Dionne Michelle Whitted, Hung Quoc Nguyen, Tiffanie Yates, Catasha Browning, and Ivery, along with several unindicted co-conspirators, are alleged to have engaged in a scheme to defraud banks by submitting falsified home

---

[1] These are listed in the indictment as counts 2, 4, 5, 13, 17, 21, 23, 25, and 26.

equity line of credit ("HELOC") applications.  The Government has alleged twenty-six (26) instances in which Whitted filed fraudulent deeds purporting to convey an interest in residential real property to a "straw borrower."  After each transfer of property, the straw borrower applied for a HELOC pledging the fraudulently conveyed property as collateral.  Most of these applications also contained false representations about the straw borrower's financial strength.

Ivery is alleged to have created "false qualifying documentation such as false IRS Form W-2s, tax returns and pay stubs" to support the fraudulent HELOC applications made by certain of his co-defendants.  (Superseding Indictment [63] at ¶ 6).  Ivery used his Yahoo, Inc. ("Yahoo") e-mail service to communicate and coordinate with his co-conspirators in connection with the bank fraud scheme.  In its investigation of other bank fraud schemes, the Government applied for two search warrants requiring Yahoo to produce various e-mail communications retained on Yahoo's servers that were sent or received by persons implicated in these other investigations.  Ivery's e-mail account was one of the accounts for which the Government sought e-mail communications.

On April 24, 2008, Magistrate Judge Linda T. Walker reviewed the Government's application for a search warrant to be issued to Yahoo to include e-mails in Ivery's Yahoo e-mail account.  Judge Walker, finding that probable cause

existed, issued the warrant requiring Yahoo to allow a search of the e-mail accounts identified, including Ivery's. The affidavit upon which the warrant was issued was executed by Special Agent Joseph D. Stites of the Federal Bureau of Investigation. The affidavit indicated that Ivery had been forwarded an e-mail containing bank information for "your man," which Ivery forwarded to another e-mail account. An e-mail was sent to Ivery advising he "see if you can get $1500 per VOD [verification of deposit]" and that Ivery "keep $1500." These e-mails, read together, suggested that Ivery was engaged in procuring fraudulent VODs to support fraudulent loan applications.

On February 17, 2009, in connection with a separate bank fraud investigation, Magistrate Judge Alan J. Baverman issued a second warrant requiring Yahoo to produce e-mails stored in Ivery's Yahoo account for the time period from April 24, 2008 through February 15, 2009. The affidavit supporting the second warrant, also executed by Special Agent Stites, relied on information obtained from a cooperator, who produced an e-mail from Ivery with forged bank statements attached. This second affidavit mentioned the evidence obtained from the first warrant to support the second warrant application.

Ivery moved the Court to suppress e-mails produced by Yahoo pursuant to the warrants. Ivery argues that there was not probable cause to issue the first

warrant and that a law enforcement officer could not, in good faith, rely upon the warrant to seize information from Yahoo. Ivery seeks to exclude the e-mail produced pursuant to the first warrant. Ivery contends that because the second warrant relied, in part, on the illegally seized information produced pursuant to the first warrant, and thus he seeks to exclude the e-mails provided pursuant to the second warrant.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections,

the Court must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984).

     B.    <u>Validity of the Warrants</u>

The affidavit in support of the first warrant described a series of e-mails which provided probable cause that Ivery was engaged in conduct consisting of procuring documentation to support fraudulent HELOC applications.  The Court agrees with the Magistrate Judge's conclusion that Agent Stites's affidavit provided sufficient probable cause for issuing the first warrant.  <u>See</u> <u>United States v. Brundidge</u>, 170 F.3d 1350, 1352 (11th Cir. 1999).

The Court also agrees there was probable cause upon which to issue the second warrant.  Because the first warrant was valid, the evidence obtained from it would have constituted sufficient probable cause to search subsequent e-mails in Ivery's Yahoo account.  In view of the forged bank statements sent from Ivery's Yahoo e-mail account to the cooperator, the second warrant also had sufficient probable cause to be issued, independent of the evidence obtained from the first warrant.[2]  Finding no plain error, the Court adopts the R&R and concludes that Ivery's Motions to Suppress are required to be denied.

---

[2] The Court further agrees that Special Agent Stites relied, in good faith, on both the first and second warrants in executing them even if probable cause had not existed.  <u>See</u> <u>United States v. Leon</u>, 468 U.S. 892 (1984).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield's Report and Recommendation ("R&R") [130] is **ADOPTED.**

**IT IS FURTHER ORDERED** that Defendant Todd Milton Ivery's Motions to Suppress [115; 117] are **DENIED**.

**SO ORDERED** this 12th day of October, 2011.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE